**SO ORDERED.**

**SIGNED this 09 day of June, 2010.**



_____
**MARGARET CANGILOS-RUIZ
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
In re

MOHAWK VALLEY NURSING             Chapter 11
HOME, INC.,

                                       Case No 09-30389 (MCR)

                 Debtor.

-------------------------------------------------------- x

**ORDER APPROVING STIPULATION PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(A)**

Upon the Motion (the "Motion") of the Official Committee of Unsecured Creditors (the "Committee"), by and through counsel, Arent Fox LLP, for an order approving stipulation pursuant to Federal Rule of Bankruptcy Procedure 9019(a) between the Committee, the Debtor, and Omnicare of New York LLC ("Omnicare"), and due notice of the Motion having been given, and after due deliberation and good cause having been shown, it is

ORDERED, the Motion is hereby granted in all respects; and it is further

ORDERED, that pursuant to Federal Rule of Bankruptcy Procedure 9019, the Stipulation attached to the Motion as <u>Exhibit A</u> is approved; and it is further

ORDERED, that the settlement will be binding upon the Committee, the Debtor, Omnicare.

# # #

# EXHIBIT A

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (this "Agreement") is made and entered into as of February ___, 2010, by and between Mohawk Valley Nursing Home, Inc., a not-for-profit corporation with an address at 99 Sixth Avenue, Ilion, New York 13357-1500 ("Mohawk"), the Official Committee of Unsecured Creditors for Mohawk Valley Nursing Home, Inc., with an address c/o Arent Fox LLP, 1675 Broadway, New York, New York 10019 ("Committee"), Omnicare of New York, LLC, a limited liability company with an address and principal place of business located at c/o Omnicare, Inc., 1600 RiverCenter II, 100 East RiverCenter Blvd., Covington, Kentucky 41011 ("Omnicare").

### RECITALS

WHEREAS, on February 15, 2008 (the "Petition Date"), Mohawk filed a voluntary petition for relief (the "Bankruptcy Case") under chapter 11 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court");

WHEREAS, within ninety (90) days before the Petition Date, Mohawk made one or more payments to NCS Healthcare of New Hartford ("NCS") in the total amount of Twenty Thousand and no/100 Dollars ($20,000.00) (the "Payments"), such payments thereby being potentially avoidable pursuant to Section 547(b) of the Bankruptcy Code (the "Avoidance Cause of Action");

WHEREAS, the Committee has made a demand upon NCS for return of the Payments;

WHEREAS, as of the date of this Agreement, Omnicare has filed claims in the Bankruptcy Case as evidenced by Proof of Claim no. 27 (as amended by Proof of Claim no. 42) and Proof of Claim no. 28, along with certain administrative claims (collectively, (the "Omnicare Claims"), which have been deemed allowed as set forth in that certain Settlement Agreement

dated December 4, 2009 by and between Mohawk and Omnicare (the "Claims Settlement Agreement") and approved by the Bankruptcy Court pursuant to that certain Order Granting Stipulation entered December 21, 2009 as Docket no. 494;

WHEREAS, Omnicare is the successor in interest to NCS; and

WHEREAS, in order to avoid potentially costly litigation of this matter, Mohawk, the Committee, and Omnicare have agreed to settle the Avoidance Cause of Action.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual promises contained herein, Mohawk, the Committee, and Omnicare agree as follows:

1. **Turnover of Preferential Payment.** Within ten (10) days from the Effective Date of this Agreement, NCS shall remit the sum of Six Thousand and no/100 Dollars ($6,000.00) (the "Settlement Amount") to Official Committee of Unsecured Creditors for Mohawk Valley Nursing Home, Inc., in full and complete settlement of the Avoidance Cause of Action.

2. **Amendment of Omnicare Claims.** Upon payment of the Settlement Amount, Omnicare shall be prohibited from amending the Omnicare Claims or filing a new claim in the Bankruptcy Case to include the Settlement Amount.

3. **Court Approval.** This Agreement is subject to approval by the Bankruptcy Court, and will not be effective unless and until approved by the Bankruptcy Court. Following execution of this Agreement by Mohawk, the Committee, and Omnicare, Mohawk shall file a motion pursuant to Federal Rule of Bankruptcy Procedure 9019 seeking approval of this Agreement.

4. **Release by Omnicare.** Except for the obligations arising under this Agreement and the Claims Settlement Agreement, Omnicare hereby releases and forever discharges Mohawk and the Committee, from all manner of actions, causes of actions, suits, proceedings,

debts, dues, contracts, judgments, damages, claims and demands whatsoever in law or in equity, whether asserted or unasserted, known or unknown, foreseen or unforeseen, now existing, or hereafter arising.

5. **Release by Mohawk**. Except for the obligations arising under this Agreement and the Claims Settlement Agreement, and specifically including any causes of action held by Mohawk or its bankruptcy estate arising under Chapter 5 of the Bankruptcy Code, Mohawk hereby releases and forever discharges Omnicare, from all manner of actions, causes of actions, suits, proceedings, debts, dues, contracts, judgments, damages, claims and demands whatsoever in law or in equity, whether asserted or unasserted, known or unknown, foreseen or unforeseen, now existing, or hereafter arising.

6. **Release by Committee**. Except for the obligations arising under this Agreement, and specifically including any causes of action arising under Chapter 5 of the Bankruptcy Code, the Committee hereby releases and forever discharges Omnicare, from all manner of actions, causes of actions, suits, proceedings, debts, dues, contracts, judgments, damages, claims and demands whatsoever in law or in equity, whether asserted or unasserted, known or unknown, foreseen or unforeseen, now existing, or hereafter arising.

7. **Representations and Warranties of the Parties**. Each of the parties represent and warrant to the other that it has (i) read and understands the terms of this Agreement, (ii) entered into this Agreement for reasons of its own and not based upon representations of any other party hereto, and (iii) has full power and authority to execute and deliver this Agreement, subject, in the case of Mohawk, to approval by the Bankruptcy Court. Without limiting the generality of the foregoing, Omnicare represents and warrants to Mohawk and the Committee that it is the successor in interest to NCS.

8. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement with respect to the subject matter addressed herein and supersedes any prior written and/or verbal agreements between the parties on the subject matter addressed herein.

9. <u>Amendments</u>. This Agreement may not be modified orally. This Agreement may only be modified in a writing signed by all of the parties.

10. <u>Headings</u>. All headings and captions in this Agreement are for convenience only and shall not be interpreted to enlarge or restrict the provisions of the Agreement.

11. <u>Construction</u>. As used herein, the plural shall include the singular, and the singular shall include the plural, unless the context or intent indicates to the contrary.

12. <u>Waiver and Modification</u>. The failure of the parties to insist, in any one or more instances, upon the strict performance of any of the covenants of this Agreement, or to exercise any option herein contained, shall not be construed as a waiver, or a relinquishment for the future of such covenant or option, but the same shall continue and remain in full force and effect.

13. <u>Jurisdiction</u>. By this Agreement, each of the parties submits to the jurisdiction of the Bankruptcy Court for any action to enforce or interpret this Agreement.

14. <u>Counterparts and Facsimile or E-mail Signatures</u>. This Agreement may be executed in counterparts and all such counterparts when so executed shall together constitute the final Agreement as if one document had been signed by all of the parties. This Agreement may be executed by copy transmitted by facsimile or e-mail, and each such copy of a party's signature hereto shall be and constitute an original signature.

15. <u>Further Necessary Actions</u>. To the extent that any document is required to be executed by any party to effectuate the purposes of this Agreement, such party will execute and deliver such document or document to the requesting party.

16. **Effect of Agreement.** This Agreement shall be binding upon and inure to the benefit of the parties hereto, and their respective officers, directors, members, employees, affiliates, parents, subsidiaries, agents, legal representatives, successors and assigns.

17. **Effective Date.** The Effective Date of this Agreement shall be the eleventh (11th) day after entry of an order in the Bankruptcy Case authorizing and approving this Agreement, and from which order all rights to appeal shall have expired or been exhausted without material modification or reversal.

18. **New York Law.** This Agreement shall be construed and interpreted in accordance with the laws of the State of New York.

IN WITNESS WHEREOF, the parties have executed this Settlement Agreement as of the date first written above.

Mohawk Valley Nursing Home, Inc.

By: _[signature]_
Its: _Chairperson Bro/Director_
Date: _____

Official Committee of Unsecured Creditors
for Mohawk Valley Nursing Home, Inc.

By: _Stephanie R. Nesbit_
Its: _Chairperson_
Date: _3/11/10_

Omnicare of New York, LLC

By: _[signature]_
Its: _Secretary of its Sole Member_
Date: _____